**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

| | |
|---|---|
| **TIMMY HARRIS** | **PLAINTIFF** |
| **v.** | **No. 3:14CV264-MPM-SAA** |
| **JOHN PAGE** | **DEFENDANT** |

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Timmy Harris, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

From May 8, 2014, through May 31, 2014, Charleston, Mississippi, Police Chief John Page arrested and detained Timmy Harris on the charge of grand larceny (theft of a motor vehicle). About a year had transpired between the theft of the vehicle and the filing of the affidavit by the vehicle's owner, Alex Nelson, who owns Discount Lumber Company. Harris was incarcerated at the Tallahatchie County Jail for approximately thirty days, during which he was placed in solitary confinement and was exposed to cigarette smoke. Harris appeared before City Judge Steve Ross for a preliminary hearing; however, Alex Nelson did not appear to testify. Then, based upon the lack of evidence and the span of time between the theft and the affidavit, the city prosecutor requested that the case be dismissed. Chief Page, however, appeared in the courtroom a short time later and asked that Harris' case be reopened. The judge reopened the case, and Page testified that he discovered during his investigation that a tow truck driver saw Harris with the vehicle and had left it at a residence in

another county. After hearing this evidence, the judge bound the case over to be presented to the Grand Jury. The case was later remanded back to municipal court, and this time, the victim, Alex Nelson, was present, though Chief Page was not. At this point, Harris pled *nolo contedere*, and he was sentenced and ordered to pay restitution.

**Claims**

Based upon these allegations, Harris claims that his exposure to environmental tobacco smoke for twenty-three days – and his placement in isolation for some period during that time – constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment. Harris also claims that, as he pled *nolo contendere* to the charge of grand larceny, that the criminal proceedings terminated in his favor; thus, he claims that the defendant's actions state a claim for malicious prosecution. Harris also claims that racial animus motivated Chief Page and led, ultimately, to Harris' decision to enter the *nolo contedere*. Though not entirely clear, it appears that Harris also claims that the City Court's decision to reopen the case immediately after the preliminary hearing constituted double jeopardy. As discussed below, none of these claims has merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**General Conditions of Confinement**

Harris' allegations regarding environmental tobacco smoke and placement in isolation can be categorized as challenges to the general conditions. From Harris' complaint, it appears that he was incarcerated at the Tallahatchie County Jail from May 8, 2014, through May 31, 2014 – a period of twenty-three days. As such, the maximum amount of time he could have faced either condition was twenty-three days. The court will assume, for the purposes of this memorandum opinion only, that he faced these conditions during his entire stay at the jail. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those

which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989)(citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). Prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

**Environmental Tobacco Smoke**

In order to prove a violation of the Eighth Amendment prohibition against cruel and unusual punishment based upon exposure to second-hand smoke, a prisoner must establish: (1) that he is being exposed to unreasonably high levels of second-hand smoke, and (2) whether society considers the risk so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). In assessing the first factor, the court must conduct an inquiry into the seriousness of the potential harm and into the likelihood that second-hand smoke will actually cause such harm. *Id.* at 37, 113 S.Ct. at 2482; *see also Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). Sporadic and fleeting exposure to second-hand smoke, even if it causes coughing and nausea, does not rise to the level of a constitutional violation. *Id.*; *see also Oliver v. Deen*, 77 F.3d 156, 158 (7th Cir. 1996) (denying Eighth Amendment claim by asthmatic claiming smoke caused him to wheeze, gasp for breath and suffer dizziness and nausea). Even sustained exposure to second-hand smoke has failed to constitute and Eighth Amendment violation. *Oliver*, 77 F.3d at 159 (133 days of sharing cell with smoker fails to state Eighth Amendment claim); *Guilmet v. Knight*, 792 F.Supp. 93 (E.D. Wash. 1992) (sharing cell with smoker for 15 days did not "pose . . . an unreasonable risk to [the non-smoking inmate's health],

much less [deny him] 'the minimal civilized measure of life's necessities.'") Harris' exposure lasted, at most, twenty-three days, and he has alleged nothing more than discomfort from the exposure. As such, he did not face an unreasonable risk of harm; nor did he lose the minimal civilized measure of life's necessities. Harris' claim regarding environmental tobacco smoke will be dismissed for failure to state a claim upon which relief could be granted.

**Placement in Isolation**

Similarly, Harris has alleged no harm from the time he spent in isolation, which lasted, at most, twenty-three days. Though placement in isolation, in some circumstances, can constitute a violation of the Eighth Amendment prohibition against cruel and unusual punishment, it is often used as an effective and acceptable means to gain the cooperation of unruly inmates. Indeed, placement in isolation for thirty days is insufficient hardship even to trigger due process protection. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). For these reasons, Harris' claim regarding placement is isolation will be dismissed for failure to state a claim upon which relief could be granted.

Taking into account the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), the instant claims regarding environmental tobacco smoke and placement in isolation do not rise to the level of a constitutional violation. The plaintiff has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. As such, his claims regarding the general conditions of his confinement will be dismissed for failure to state a claim upon which relief could be granted.

**Malicious Prosecution**

Harris also argues that the defendant did not have probable cause to arrest him, and, as such, the arrest constituted malicious prosecution under Mississippi law. The elements of malicious

prosecution are: (1) initiation of procurement of initiation of criminal proceedings, (2) against an innocent person, (3) for an improper purpose, (4) without probable cause, and (5) termination of the proceeding in favor of the person prosecuted. Fowler V. Harper *et al.*, *The Law of Torts* § 4.1 (3d ed. 1996). In this case, Harris entered a plea of *nolo contendere* (no contest); as such, the criminal proceedings did not terminate in his favor. *Pete v. Metcalfe*, 8 F.3d 214, 219 (5th Cir.1993) (a plea of *nolo contendere* does not constitute a proceedings terminating in a defendant's favor). For this reason, Harris' claim of malicious prosecution must be dismissed for failure to state a claim upon which relief could be granted.

**Double Jeopardy**

The constitutional prohibition against double jeopardy protects citizens from facing criminal prosecution twice for the same offense. *United States v. El–Mezain*, 664 F.3d 467, 546 (5th Cir. 2011), U.S. Const. Amend. V. Harris argues that jeopardy attached when the state court adjourned the preliminary hearing, and the court's decision to reopen the hearing and take testimony constituted a violation of the prohibition against double jeopardy. When a criminal defendant enters a plea of guilty or *nolo contendere*, jeopardy attaches at the time the plea is accepted and the court enters judgment on it. *United States v. Kim*, 884 F.2d 189, 191–92 (5th Cir. 1989). Harris pled *nolo contendere* to the charge of grand larceny, and when the state court accepted the plea and entered judgment, jeopardy attached. He could only face double jeopardy if the state initiated new criminal proceedings against him based upon the same facts that led to his prosecution for grand larceny. This has not occurred; as such, Harris' allegations regarding double jeopardy will be dismissed for failure to state a claim upon which relief could be granted.

### Racial Discrimination

In his complaint, Harris states that he believes the defendants were motivated by racial animus, but he offers nothing more than conclusory allegations to support the claim, and such allegations are insufficient to state a valid claim under 42 U.S.C. § 1983. *Young v Biggers*, 938 F.2d 565 (5th Cir. 1991). As such, these allegations will be dismissed for failure to state a claim upon which relief could be granted.

### Conclusion

In sum, none of the plaintiff's allegations has merit, and the instant case will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of January, 2015.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**